UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT A. STANARD, | |
| Plaintiff, | Case No. C19-1400-RSM-MLP |
| v. | |
| DR. MARIA DY, *et al.*, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT COUNSEL |
| Defendants. | |

This is a civil rights action brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). This matter comes before the Court at the present time on Plaintiff's motion for appointment of counsel. (Dkt. # 25.) Plaintiff requests in his motion that he be appointed counsel to assist him in conducting medical research, speaking to witnesses, and assisting him "in the legalities and fillings [sic] of this case." (*Id.* at 1.) Plaintiff admits he is capable of filing motions but suggests the Court would be best served by appointment of counsel. (*Id.* at 2.) Plaintiff also acknowledges he is competent at researching case law but explains that he has difficulty understanding it and has limited understanding of civil procedure and rules.

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

Finally, Plaintiff asserts in his motion that he has difficulty "articulating his issues without a long full picture of details." (*Id.*)

There is no right to have counsel appointed in cases in cases brought under *Bivens*. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Applying this standard to Plaintiff's motion, the Court observes that Plaintiff's complaint demonstrates he is well able to articulate his claims *pro se* and the legal issues involved in this case are not particularly complex. While Plaintiff will no doubt face challenges in litigating this action without the assistance of counsel, the potential challenges he references in his motion are typical of those faced by *pro se* litigants in general and by prisoners litigating actions from within the confines of a correctional facility, challenges which do not, by themselves, constitute extraordinary circumstances. As for Plaintiff's likelihood of success on the merits of his claims, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.

Based on the foregoing, this Court hereby ORDERS as follows:

(1)     Plaintiff's motion for appointment of counsel (dkt. # 25) is DENIED.

(2)     The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 13th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 3