UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT A. STANARD, | |
| Plaintiff, | Case No. C19-1400-RSM-MLP |
| v. | |
| DR. MARIA DY, *et al.*, | ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT COUNSEL |
| Defendants. | |

This is a civil rights action brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). This matter comes before the Court at the present time on Plaintiff's second motion for appointment of counsel. (Dkt. # 28.) Plaintiff's previous motion for appointment of counsel was denied in November 2020. (*See* Dkt. ## 25, 26.) Plaintiff filed the instant motion approximately a month later, asserting that COVID-19 restrictions at his institution, FCI Sheridan, have hindered his ability to prosecute this case because they have limited his law library access. (*See* Dkt. # 28 at 1, 4.) Plaintiff also asserts that, in addition to the COVID-19 restrictions, appointment of counsel is warranted because of the complexity of his case, which will require substantial discovery, investigation, and access to expert and inmate

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 1

witnesses, and because his claims are legally plausible and he is likely to succeed at trial. (*Id*. at 3.)

As Plaintiff was previously advised, there is no right to have counsel appointed in cases brought under *Bivens*. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

To the extent Plaintiff claims that COVID-19 restrictions have hindered his ability to litigate this case, the Court observes that Plaintiff recently filed a lengthy brief in response to Defendants' pending motion to dismiss which effectively undermines this claim. The Court also observes that Plaintiff has demonstrated ample ability to articulate his claims and legal arguments without the assistance of counsel, and that the legal issues involved in this case do not appear to be particularly complex, despite Plaintiff's assertions to the contrary.

With respect to Plaintiff's assertions that counsel will be necessary to investigate his claims, identify witnesses, and conduct discovery, he has identified challenges that are typical of those faced by *pro se* litigants in general and by prisoners litigating actions from within the confines of a correctional facility. As the Court explained in ruling on Plaintiff's previous request for counsel, these types of challenges do not, by themselves, constitute extraordinary circumstances. Finally, with respect to Plaintiff's assertion that he is likely to succeed on the

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 2

merits of his claims, the pending motion to dismiss, which is now fully briefed, calls that assertion into question. In sum, Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.

Based on the foregoing, this Court hereby ORDERS as follows:

(1) Plaintiff's second motion for appointment of counsel (dkt. # 28) is DENIED.

(2) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 28th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 3