UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT A. STANARD,<br><br>Plaintiff,<br><br>v.<br><br>MARIA DY, *et al.*,<br><br>Defendants. | CASE NO. C19-1400-RSM<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR CLARIFICATION AND LEAVE TO AMEND |

This matter comes before the Court on pro se Plaintiff Stanard's Motion for Extension of Time to Submit Objections to the Report and Recommendation. Dkt. #38. On March 10, 2021, the Honorable Michelle L. Peterson, United States Magistrate Judge, issued a Report and Recommendation ("R & R") that recommended granting Defendants' motion to dismiss and dismissing Plaintiff's amended complaint. Dkt. #36. Plaintiff requests an extension of time to file Objections from March 31, 2021 to May 7, 2021 due to the burdens of the COVID-19 pandemic, lack of access to the law library, lack of assistance, restrictions of inmate movement,

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR EXTENSION OF TIME AND
DENYING PLAINTIFF'S MOTION FOR
CLARIFICATION AND LEAVE TO AMEND
PAGE - 1

and uncertainty of future lockdowns. Dkt. #38 at 1. Defendants have not filed an opposition to Plaintiff's motion.

The Court finds sufficient good cause to extend Plaintiff's time to respond by **thirty (30) days** from the original deadline. Accordingly, it is hereby ORDERED that Plaintiff's Objections shall be due on or before **April 30, 2021.** The Court also notes that because the R & R did not set a page limitation on objections, Objections, and any response, shall not exceed **ten (10) pages**.

Also before the Court is Plaintiff's Motion titled "Motion seeking clarification as to a possible ruling of the case, permission to amend complaint to include § 1983." Dkt. #37. To the extent Plaintiff seeks direction from the Court on how to prosecute his case, the Court cannot provide legal advice to parties. Nevertheless, it notes that the R & R, issued on March 10, 2021, adequately addresses Plaintiff's questions regarding the procedural posture of this matter. *See* Dkt. #36. Plaintiff also asks if it is possible to amend his complaint to include claims under Section 1983, which the Court liberally construes as a motion for leave to amend. Dkt. #37 at 2. Plaintiff may not amend his complaint as a matter of course since more than 21 days have passed after Defendants filed their motion to dismiss. Fed. R. Civ. P. 15(a)(1); *see also* Dkt. #30.

The Court likewise declines to exercise its discretion to grant leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Justice does not require granting leave at this late stage of the case, where amendment would cause undue delay and prejudice to Defendants. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("Although leave to amend 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), it 'is not to be granted automatically.' The district court may

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR EXTENSION OF TIME AND
DENYING PLAINTIFF'S MOTION FOR
CLARIFICATION AND LEAVE TO AMEND
PAGE - 2

deny a motion for leave to amend if permitting an amendment would . . . cause an undue delay in the litigation or prejudice the opposing party.") (quoting *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990)).  Moreover, because the Court previously granted Plaintiff leave amend his complaint, justice does not require granting further leave to amend.  Dkt. #7; *see Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims.").  For these reasons, Plaintiff's Motion for Clarification and Leave to Amend, Dkt. #37, is DENIED.

## CONCLUSION

Having reviewed Plaintiff's Motion for Extension of Time, Dkt. #38, and Plaintiff's Motion Seeking Clarification and to Amend Complaint, Dkt. #37, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Extension of Time, Dkt. #38, is GRANTED IN PART.  Plaintiff's Objections to the R & R shall be due on or before **April 30, 2021**.  The Clerk should note the matter for **May 3, 2021** as ready for consideration if no objection is filed.

(2) If objections are filed, any response is due within **14 days** after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and any response shall not exceed **ten (10) pages**.

(3) Failure to timely object may affect the right to appeal.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR EXTENSION OF TIME AND
DENYING PLAINTIFF'S MOTION FOR
CLARIFICATION AND LEAVE TO AMEND
PAGE - 3

(4) Plaintiff's Motion for Clarification and Leave to Amend Complaint, Dkt. #37, is DENIED.

DATED this 9th day of April, 2021.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE