1

2

3

4

5

6

7

8

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

ROBERT ALLEN STANARD,

                                   Plaintiff,

            v.

MARIA DY, *et al.*,

                                   Defendants.

Case No. 2:19-cv-01400-RSM

MARIA DY, M.D., DAN SPROUL, IAN
CONNORS, & JUAN BALTAZAR JR.'S
RENEWED MOTION TO DISMISS

NOTED FOR CONSIDERATION:
May 10, 2024

15

16

17

        Defendants renew their request that the Court adopt the Report & Recommendation (the
R&R) that the Amended Complaint (the Complaint) be dismissed with prejudice because Stanard
fails to state a claim for relief for deliberate indifference under the Eighth Amendment.

18

## BACKGROUND

19

### A.  Procedural Background

20

21

22

        Stanard filed a *Bivens*[1] complaint on August 30, 2019, and an amended complaint on
February 18, 2020. *See* dkts. 1, 14. Stanard alleged, among other things, that various United States
Bureau of Prisons employees "acted with deliberate indifference" to his request for Hepatitis C

23

24

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   treatment while he was in custody at FDC SeaTac during his pre-trial proceedings and while

2   awaiting designation to FCI Sheridan. Dkt. 14 at p. 1, 7. Based on this conduct, Stanard alleged

3   that his Fifth and Eighth Amendment rights were violated. *Id.*

4        The Court directed service of the complaint on May 13, 2020. Dkt. 15. Defendants Dy,

5   Sproul, Connors and Baltazar, represented by the undersigned, waived service on October 15,

6   2020. Dkts. 20-23.[2] Defendants moved to dismiss the complaint on December 21, 2020. Dkt. 30.

7   Defendants argued that Stanard's *Bivens* claims arose in a new context, and that, alternatively, he

8   had failed to state a claim for relief. *Id.*

9        On March 10, 2021, the magistrate judge issued an R&R. Dkt. 36. The magistrate judge

10  recommended dismissal because Stanard's claims arose in a new context and special factors

11  counseled hesitation in extending *Bivens* remedies to redress these claims. *Id.* at 10-14.

12       Alternatively, the magistrate judge recommended dismissal because the allegations in the

13  complaint failed to state a claim for relief. *Id.* at 14-16. The magistrate judge noted that "a mere

14  difference of opinion concerning proper medical care is not sufficient to establish deliberate

15  indifference." *Id.* at 15 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). To prevail

16  on an Eighth Amendment deliberate indifference claim, a complaint must allege facts showing

17  "'that the course of treatment the doctors chose was medically unacceptable under the

18  circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk

19  to plaintiff's health.'" *Id.* (citing *Jackson*, 90 F.3d at 332).

20       Analyzing the complaint under this framework, the magistrate judge recommended

21  dismissal for failure to state a claim because Stanard alleged "no facts" from which the court could

22

23  _____

24  [2] Plaintiff named several other known and unknown individuals as defendants. Dkt. 14 at p. 9-12, 24. However, these individuals were never served.

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   "reasonably infer that Defendants violated his Eighth Amendment rights." *Id.* The magistrate judge

2   noted that the complaint "is essentially about a BOP policy which precluded him from receiving

3   treatment while he was confined at FDC SeaTac," and "because his APRI score, which is used to

4   predict the presence of fibrosis and cirrhosis," placed him at "a lower priority level to receive"

5   Hepatitis C treatment. *Id.* at 16. Furthermore, the magistrate judge stated that the symptoms alleged

6   by Stanard did not demonstrate a "compelling or urgent need for treatment while at FDC SeaTac."

7   *Id.* Finally, the magistrate judge noted that the Defendants did not deny him treatment because

8   once he was designated to FCI Sheridan, Stanard was successfully treated for Hepatitis C under

9   BOP policy. *Id.*

10       As for harm alleged, the magistrate judge noted the complaint offered only "vague and

11   conclusory" allegations and offered "no facts demonstrating that [Stanard] suffered any actual or

12   substantial harm as a result of the delay." *Id.* At bottom, the magistrate judge concluded that

13   Stanard failed to state an Eighth Amendment claim because he alleged, "at most, a difference in

14   opinion concerning proper medical care." *Id.*

15       After considering Stanard's objections to the R&R, this Court adopted the magistrate

16   judge's recommendation and dismissed the complaint with prejudice. Dkt. 44. The Court held that

17   Stanard's claims arose in a new context, and it declined to extend *Bivens* to redress these claims.

18   *Id.* at 5-9. The Court did not reach the issue of whether Stanard failed to state a claim for relief. *Id.*

19   at 9.

20       Stanard, with assistance of counsel, appealed the judgment. Dkt. 46. Following briefing

21   and oral argument, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal

22   of the Fifth Amendment claim but reversed the dismissal of the Eighth Amendment claim and

23   remanded for further proceedings. Dkt. 49 at p. 4. The Ninth Circuit also did not decide whether

24   Stanard failed to state an Eighth Amendment claim. *Id.* at 12 n.3.

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

### B.  Factual Background

On remand, the sole claim before the Court is whether Defendants' responses to Stanard's request for Hepatitis C treatment while he was at FDC SeaTac from March 2018 – September 2018 violated the Eighth Amendment. Dkt. 14 at 7, 12, 17. Stanard alleges the following in support of his Eighth Amendment deliberate indifference claim:

**General Allegations concerning the Eighth Amendment:** According to Stanard, all the Defendants relied on "outdated and inadequate medical records," in responding to his request for Hepatitis C treatment. Dkt. 14 at 1. On March 2, 2018, Stanard submitted a BP-8 informal resolution form, requesting treatment for Hepatitis C. *Id.* at 12. On May 13, 2018, Stanard submitted a formal BP-9, again requesting Hepatitis C treatment. *Id.* at 13. Stanard appealed this denial to Western Regional Director Baltazar on June 1, 2018. *Id.*at 14. Eventually Stanard appealed his request to National Inmate Appeals Coordinator Ian Connors in October 2018. *Id.*at 15. In September 2018, Stanard was designated and transferred to FCI Sheridan. *Id.* at 17. At FCI Sheridan, Stanard received treatment and was ultimately cured of Hepatitis C. *Id.* at 19.

**Defendant Dr. Maria Dy:** As to this defendant, Stanard alleges that Dr. Dy "relied upon Bureau policy and set criteria to deny treatment when it would have only taken twelve weeks to complete." Dkt. 14 at 4. According to Stanard, when he was at FDC SeaTac, he "spoke to Dr. Dy at least 7 times regarding [his] serious and chronic disease." *Id.* at 9. Stanard avers that Dr. Dy, on three occasions, told him that she could not provide treatment for his Hepatitis C because of his pre-trial status, and that, under BOP policy, he would have to wait until he was designated to a facility before receiving Hep. C treatment. *Id.*

**Defendant Warden Dan Sproul:** As to this defendant, Stanard avers he spoke to Warden Sproul at least four times during lunch about treatment for his Hepatitis C. *Id.* Warden Sproul allegedly told Stanard that his pre-trial status prevented treatment for his Hepatitis C. *Id.* On May

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

22, 2018, Warden Sproul also relied on BOP policy to deny Stanard's BP-9 administrative grievance. *Id.* at 9-10.

**Defendant Juan Baltazar:** As to this defendant, Stanard contends that Director Baltazar, who reviewed his grievance appeal, relied "solely upon [BOP] policy in denying me an adequate treatment to a serious medical need." *Id.* at 10.

**Defendant Ian Connors:** As to this defendant, Stanard maintains that National Appeals Administrator Connors, who reviewed his grievance appeal, improperly relied on "inadequate and outdated medical records from [his] previous incarceration," which was "negligence on his part." *Id.*

## LEGAL STANDARD

Under Rule 12(b)(6), dismissal for failure to state a claim is proper where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. The court must accept as true all factual allegations contained in the complaint and view all inferences in a light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). The court does not have to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## ARGUMENT

The Court should adopt the R&R and dismiss the Complaint with prejudice because Stanard has not alleged sufficient facts to state a claim for relief under the Eighth Amendment that any of the four defendants was deliberately indifferent to his request for Hepatitis C treatment.

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    "The government has an 'obligation to provide medical care for those whom it is punishing by

2    incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation

3    . . . ." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429

4    U.S. 97, 103-105 (1976)). "In order to prevail on an Eighth Amendment claim for inadequate

5    medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Id.*

6    (quoting *Estelle*, 429 U.S. at 104)). "This includes both an objective standard—that the deprivation

7    was serious enough to constitute cruel and unusual punishment—and a subjective standard—

8    deliberate indifference." *Id.* (quotation marks omitted).

9         To meet the objective prong, "a plaintiff must demonstrate the existence of a serious

10   medical need." *Id.* (citing *Estelle*, 429 U.S. at 104)). "Such a need exists if failure to treat the injury

11   or condition 'could result in further significant injury' or cause 'the unnecessary and wanton

12   infliction of pain.'" *Id.* (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).[3]

13        To satisfy the subjective element, a plaintiff must show that the official "knows of and

14   disregards an excessive risk to inmate health and safety." *Id.* This showing "requires more than

15   ordinary lack of due care." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). An official

16   "must both be aware of facts from which the inference could be drawn that a substantial risk of

17   harm exists, and he must also draw the inference." *Id.* A plaintiff must allege that "the course of

18   treatment the defendant chose was medically unacceptable under the circumstances" and "the

19   defendant chose this course in conscious disregard of an excessive risk to the plaintiff's health."

20   *Edmo v. Corizon*, 935 F.3d 757, 786 (9th Cir. 2019).

21        The allegations concerning each of the four defendants are insufficient on their face to state

22   an Eighth Amendment deliberate indifference claim.

23

24   [3] For the purposes of this renewed motion, Defendants concede that Hepatitis C is a serious medical need.

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

**A.  The Complaint fails to state deliberate indifference by Dr. Dy.**

The Court should dismiss the Eighth Amendment claim against Dr. Dy because Stanard fails to allege that she was deliberately indifferent to his request for Hepatitis C treatment while at FDC SeaTac. Deliberate indifference requires that a defendant "purposefully ignore or fail to respond to the prisoner's pain or possible medical need[.]" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *Chima v. Obedoza*, 72 F. App'x 577, 578 (9th Cir. 2003). "It is not enough that a prison official failed 'to alleviate a significant risk that he should have perceived but did not,'; rather, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Carr v. Giron*, 752 F. App'x 434, 435 (9th Cir. 2018) (quoting *Farmer*, 511 U.S. at 837-38). "A difference in opinion between a prisoner and medical personnel on treatment is insufficient." *Id.* at 435-36 (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)). Gross negligence and gross medical malpractice do not amount to a violation of the Eighth Amendment. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) ("Even gross negligence is insufficient to establish a deliberate indifference to serious medical needs."); *Watson v. Unknown*, No. CV13-07323-ABC (VBK), 2014 WL 12930652, at *7 (C.D. Cal. July 18, 2014) ("Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment.").

Here, the complaint alleges, at most, a disagreement between Stanard and Dr. Dy about her application of the BOP's policy for prioritization of Hepatitis C treatment. *See* Dkt. 14 at 4 (explaining that the basis of the claim was that Dr. Dy relied upon the Bureau policy to deny an adequate treatment that was available).

Stanard does not allege that Dr. Dy was aware of the need for him to receive care more quickly than he ultimately did once he was transferred to FCI Sheridan. *See Divincenzo v. Young*,

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   No. 1:14cv-00004-MJS (PC), 2014 WL 172536, at *4 (E.D. Cal. Jan. 15, 2014) (dismissing

2   plaintiff's Eighth Amendment deliberate indifference claim because "Plaintiff's mere belief that

3   triage and treatment decisions were medically wrong and that he should have received quicker and

4   different testing and treatment, without more, is not a basis for a federal deliberate indifference

5   claim unless the treatment chosen was medically unacceptable and with conscious disregard of an

6   excessive risk to the prisoner's health").

7          The complaint does not allege that Dr. Dy purposefully ignored or failed to respond to his

8   medical needs. Instead, it is clear from the complaint that Stanard interacted a handful of times

9   with Dr. Dy requesting treatment for Hepatitis C while he was at FDC SeaTac. Dkt. 14 at 4, 9. In

10  these interactions, Dr. Dy explained that BOP policy governed treatment for Hepatitis C, and that

11  based on the policy, Stanard would have to wait until he was designated to FCI Sheridan. *Id.* at 9.

12         In the R&R, the magistrate judge agreed, finding that the complaint simply alleged a

13  disagreement between Stanard and Dr. Dy about how best to address his request for Hepatitis C

14  treatment. Dkt. 36 at 15-16. Stanard's disagreement with his medical provider on the appropriate

15  course of treatment is not enough to state a claim for deliberate indifference. *See Divincenzo*, 2014

16  WL 172536, at *4 (dismissing Eighth Amendment claim because nothing in the complaint

17  "suggest Defendants intentionally provided medically unacceptable care").

18         Accordingly, Stanard has failed to state an Eighth Amendment claim against Dr. Dy.

19  **B.  The Complaint fails to state deliberate indifference by Warden Sproul.**

20         The Eighth Amendment claim against Warden Sproul should be dismissed because Stanard

21  does not allege sufficient facts that the Warden was deliberately indifferent to his request for

22  Hepatitis C treatment while at FDC SeaTac. *See McGurk v. Jusino*, No. 5:22-cv-00529-SB-JDE,

23  2022 WL 17722902, at *10 (C.D. Cal. Oct. 26, 2022) (holding that plaintiff failed to state an

24

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    Eighth Amendment claim against an associate warden who "responded to plaintiff's BP-9,"

2    because the response "clearly state[d] the steps taken for Plaintiff's medical care").

3         Here again, the complaint fails to identify any action by Warden Sproul that demonstrates

4    deliberate indifference to Stanard's request for Hepatitis C treatment while at FDC SeaTac. The

5    complaint's threadbare allegations simply state that Stanard spoke to Warden Sproul in passing

6    during lunchtime about his request for Hepatitis C treatment. Dkt. 14 at 9-10. The complaint also

7    alleges that Warden Sproul relied on BOP policy in denying Standard's BP-9 administrative

8    grievance. *Id.* Neither of these allegations, accepted as true, are enough to state a claim for

9    deliberate indifference. Stanard does not explain how the Warden's limited actions were medically

10   unacceptable under the circumstances, or that the Warden's decision to deny his BP-9 was "in

11   conscious disregard of an excessive risk to [Stanard's] health. *Edmo*, 935 F.3d at 786.

12        Like Dr. Dy, Stanard fails to allege that Warden Sproul was aware of the need for him to

13   receive care more quickly than he ultimately did once he was transferred to FCI Sheridan. *See*

14   *Divincenzo*, 2014 WL 172536, at *4 (dismissing plaintiff's Eighth Amendment deliberate

15   indifference claim because "Plaintiff's mere belief that triage and treatment decisions were

16   medically wrong and that he should have received quicker and different testing and treatment,

17   without more, is not a basis for a federal deliberate indifference claim unless the treatment chosen

18   was medically unacceptable and with conscious disregard of an excessive risk to the prisoner's

19   health").

20        Accordingly, Stanard has failed to state an Eighth Amendment claim against Warden

21   Sproul.

22   **C.  The Complaint fails to state deliberate indifference by Director Baltazar.**

23        The Eighth Amendment claim against Western Regional Director Baltazar must also be

24   dismissed because Stanard fails to allege how the Director's review of his BP-10 was deliberately

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 9

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  indifferent. "[O]nly individuals who cause or participate in civil rights violations can be held liable,

2  and 'ruling against a prisoner on an administrative complaint does not cause or contribute to the

3  violation.'" *Toney v. Williams*, No. 3:18-cv-2786-WQH-KSC, 2020 WL 1912168, at *8 (C.D. Cal.

4  Apr. 20, 2020) (quoting *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007)). "To state a claim

5  against defendants, plaintiff must allege how each individual defendant directly violated his rights.

6  It is not enough for defendants to have had indirect involvement, such as through a supervisory

7  role." *Hernandez v. City of Los Angeles*, No. 2:20-cv-03869-DSF-JC, 2021 WL 8772761, at *9

8  (C.D. Cal. Nov. 22, 2021); *see also Fiorito v. Anderson*, No. 5:18-cv-00506-JFW-KES, 2018 WL

9  4657171, at *8-*9 (C.D. Cal. Sept. 24, 2018) (collecting district court cases from the Ninth Circuit

10  that have dismissed Constitutional claims against supervisors whose only involvement was

11  denying an inmate's appeal).

12      Here, Stanard concedes that Director Baltazar had no involvement in his request for

13  Hepatitis C treatment at FDC SeaTac aside from being an official who reviewed his grievance

14  appeal. Dkt. 14 at 10. Stanard states that "I filed an appeal to the Wardens response to my

15  administrative remedy (BP-9) in which Mr. Baltazar **happened to review**." *Id.* (emphasis added).

16  Director Baltazar's response laid out, in detail, why BOP policy supported Dr. Dy's decision on

17  Stanard's request for Hepatitis C treatment. *Id.* Stanard concedes that "Mr. Baltazar relied solely

18  upon policy in denying me an adequate treatment to a serious medical need." *Id.*

19      As the R&R correctly noted, a disagreement about a BOP policy cannot state a claim for

20  deliberate indifference under the Eighth Amendment. Dkt. 36 at 16; *see also McGuire-Mollica v.*

21  *Griffin*, No. 7:20-cv-01768-RDP-SGC, 2022 WL 22218013, at *4 (N.D. Ala. Aug. 11, 2022)

22  (dismissing constitutional claims against BOP employees who reviewed administrative appeals

23  because plaintiff's complaint failed to state a deliberate indifference claim against them). Stanard

24  also fails to allege that Director Baltazar was aware of the need for him to receive care more

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   quickly than he ultimately did once he was transferred to FCI Sheridan. *See Divincenzo*, 2014 WL

2   172536, at *4 (dismissing plaintiff's Eighth Amendment deliberate indifference claim because

3   "Plaintiff's mere belief that triage and treatment decisions were medically wrong and that he

4   should have received quicker and different testing and treatment, without more, is not a basis for

5   a federal deliberate indifference claim unless the treatment chosen was medically unacceptable

6   and with conscious disregard of an excessive risk to the prisoner's health").

7       Accordingly, Stanard has failed to state an Eighth Amendment claim against Director

8   Baltazar.

9       **D.  The Complaint fails to state deliberate indifference by Administrator Connors.**

10      Similarly, the Eighth Amendment claim against National Administrator Connors must also

11  be dismissed because the Complaint fails to allege how Connors' review and denial of Stanard's

12  grievance appeal violated the Eighth Amendment. As noted above, "only individuals who cause

13  or participate in civil rights violations can be held liable, and 'ruling against a prisoner on an

14  administrative complaint does not cause or contribute to the violation.'" *Toney*, 2020 WL 1912168,

15  at *8 (quoting *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007)). "To state a claim against

16  defendants, plaintiff must allege how each individual defendant directly violated his rights. It is

17  not enough for defendants to have had indirect involvement, such as through a supervisory role."

18  *Hernandez*, 2021 WL 8772761, at *9; *see also Fiorito v. Anderson*, 2018 WL 4657171, at *8-*9

19  (collecting district court cases from the Ninth Circuit that have dismissed Constitutional claims

20  against supervisors whose only involvement was denying an inmate's appeal).

21      Here, like Director Baltazar, Administrator Connors—who reviews all administrative

22  grievance appeals in the entire BOP system—was named as a defendant simply because he

23  reviewed and denied Stanard's grievance appeal. Stanard notes that Mr. Connors "was involved

24  with the appeals process," and upheld the original decision by Dr. Dy. Dkt. 14 at 10. These

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 11

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

allegations, standing alone, do not state a claim for deliberate indifference under the Eighth Amendment against Administrator Connors. This conclusion has been adopted by multiple district courts across the country. *See McGuire-Mollica*, 2022 WL 22218013, at *4 (dismissing plaintiff's deliberate indifference claim against Administrator Connors because the complaint simply alleged that Connors reviewed and denied her grievance appeal); *Thompson v. Crnkovich*, No. 1:16-cv-055-BL, 2017 WL 5514519, at *3 (N.D. Tex. Nov. 16, 2017) (dismissing claims against Connors because his only involvement was his "alleged failure to provide Plaintiff relief through and in response to the administrative remedy process"); *Jordan v. Connors*, No. 6:20-cv-164-HRW, 2020 WL 5521040, at *3 (E.D. Ky. Sept. 14, 2020) (dismissing Eighth Amendment claim against Administrator Connors because the allegations that Connors reviewed his administrative appeal was insufficient "to establish personal involvement with respect to [plaintiff's] claims of constitutional violations"); *Gillens v. Peters*, No. 22-1645 (TJK), 2023 WL 5951977, at *4 (D.D.C. Sept. 13, 2023) (finding plaintiff failed to state an Eighth Amendment claim against Administrator Connors because a BOP response to a grievance does not, on its own, create *Bivens* liability).

Stanard also fails to allege that Administrator Connors was aware of the need for him to receive care more quickly than he ultimately did once he was transferred to FCI Sheridan. *See Divincenzo*, 2014 WL 172536, at *4 (dismissing plaintiff's Eighth Amendment deliberate indifference claim because "Plaintiff's mere belief that triage and treatment decisions were medically wrong and that he should have received quicker and different testing and treatment, without more, is not a basis for a federal deliberate indifference claim unless the treatment chosen was medically unacceptable and with conscious disregard of an excessive risk to the prisoner's health").

Accordingly, Stanard has failed to state an Eighth Amendment claim against Administrator Connors.

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 12

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1

**<u>CONCLUSION</u>**

2   The Court should adopt the recommendation that Stanard's complaint be dismissed with

3 prejudice because he fails to state a claim for relief under the Eighth Amendment against any of

4 the four Defendants.

5   DATED this 5th day of April, 2024.

6            Respectfully submitted,

7            TESSA M. GORMAN
              United States Attorney

8

            *s/ Matt Waldrop*

9            MATT WALDROP, Ga. Bar # 349571
              Assistant United States Attorney

10           United States Attorney's Office
              Western District of Washington

11           700 Stewart Street, Suite 5220
              Seattle, Washington 98101-1271

12           Phone: 206-553-7970
              Fax: 206-553-4073

13           Email: james.waldrop@usdoj.gov

14           *Attorneys for Defendants*

15           I certify that this memorandum contains 3,684
              words, in compliance with the Local Civil Rules.

16

17

18

19

20

21

22

23

24

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 13

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that I am an employee in the Office of the United States Attorney for the

3

Western District of Washington and of such age and discretion as to be competent to serve papers;

4

I further certify that on this date, I electronically filed the foregoing with the Clerk of the

5

Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF

6

participant(s):

7

- 0 -

8

I further certify that on this date, I arranged for service of the foregoing on the following

9

non-CM/ECF participant, via Certified Mail with return receipt, postage prepaid, addressed as

10

follows:

11

Robert Allen Stanard, *Pro Se*
17708 92nd Avenue NW

12

Stanwood, WA 98292

13

DATED this 5th day of April, 2024.

14

*s/ Albert Kidd*
ALBERT KIDD, Legal Assistant

15

United States Attorney's Office

16

700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970

17

Fax:    (206) 553-4073
Email: paul.albert.kidd@usdoj.gov

18

19

20

21

22

23

24

MARIA DY, M.D., DAN SPROUL, IAN CONNORS, & JUAN
BALTAZAR JR.'S RENEWED MOTION TO DISMISS
2:19-cv-01400-RSM - 14

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970