UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT ALLEN STANARD, | Case No. C19-1400-RSM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S APPLICATION FOR COURT-APPOINTED COUNSEL |
| v. | |
| MARIA DY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Application for Court-Appointed Counsel, Dkt. #59. Plaintiff, proceeding *in forma pauperis*, brings this case against several defendants for violating his Eighth Amendment rights regarding his lack of treatment for Hepatitis C while at FDC SeaTac. Dkt. #14. While Plaintiff's other claims were dismissed, Plaintiff's Eighth Amendment claim remains after being remanded by the Ninth Circuit Court of Appeals. Dkts. #50, #51.

In civil cases, the appointment of counsel to a pro se litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. (citing *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the

likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants.  28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

This is Plaintiff's third Application requesting court-appointed counsel.  *See* Dkts. #25, #28, #59.  Plaintiff states that he "did a google search of Federal Civil Rights Attorneys in Washin[g]ton State . . . I called each one, left message[s] or spoke to a paralegal/receptionist." Dkt. #59 at 2.  Plaintiff further states that he believes a federal agency officially determined there is reasonable cause to believe his allegations are true because he understood "the 9th Circuit Court of Appeals in their decisions to remand this case back to the District Court . . . [to be] a clear determination of the facts of the case.  They agreed." *Id*.

The Court finds that Plaintiff has not demonstrated "exceptional circumstances" necessitating court-appointed counsel.  Plaintiff provides no reasoning other than the above for why he requires court-appointed counsel at this point.  The issues presented are not particularly complex, and Plaintiff has made numerous filings demonstrating that he is able to effectively articulate his claims and the legal issues involved, although he has delayed in filing a Response to Defendants' current Motion to Dismiss.  It is also unclear at this stage whether Plaintiff's remaining claim will be successful on the merits.  Though the Ninth Circuit remanded Plaintiff's claim, the Ninth Circuit declined to rule on the plausibility of Plaintiff's Eighth Amendment claim because this Court did not previously rule on it.  *See* Dkts. #44, #49.  However, the Court notes that in her Report and Recommendation, U.S. Magistrate Judge Michelle Peterson recommended Plaintiff's claim be dismissed because he failed to allege facts pointing to

deliberate indifference by Defendants under the Eight Amendment. Dkt. #36 at 14-16. Based on these findings, the Court concludes that appointment of counsel is not warranted.

    Accordingly, having considered Plaintiff's Application and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Application for Court-Appointed Counsel, Dkt. #59, is DENIED.

    DATED this 15th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE